UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JERMELL LATROY BATIE,

              Plaintiff,

v.

HEIDI E. WASHINGTON et al.,

              Defendants.

_____/

Case No. 1:23-cv-985

Honorable Ray Kent

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent

from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues MDOC Director Heidi E. Washington, IBC Warden Matthew Macauley, IBC Deputy Warden R. Brokaw, IBC Accounting Official Unknown Party #1, IBC Business Manager Unknown Party #2, MDOC Deputy Director Jeremy Bush, and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

Administrative Officer of Business Accounting Unknown Party #3. Plaintiff names Defendants in their individual and official capacities.

In his complaint, Plaintiff contends that Defendants are taking too much money from his prison trust account each month to pay restitution and court costs in violation of Plaintiff's rights. Plaintiff asserts that he has a restitution order from the Kent County Circuit Court which states that a total of 50% of funds in excess of $50.00 received by him each month is subject to collection for payment of restitution to his victims. Plaintiff asserts that this is the maximum amount that may be collected even if multiple restitution orders are received. Plaintiff states that Defendants wrongly took all the money he received in excess of $50.00 from his account, rather than 50% as set forth in the restitution agreement.

Plaintiff attaches a copy of a Kent County Circuit Court order dated July 1, 2020, which states:

> Defendant, Jermell Batie, moves to modify the restitution, costs, and fine amounts he was ordered to pay because of his conviction. Defendant claims the order imposes upon him an overwhelming hardship. He requests the payments be suspended until he is paroled.
>
> On December 11, 2018, the court entered an order to remit prison funds. The order requires that the Department of Corrections collect 50% of all funds received by defendant "over $50.00 each month." Thus, to the extent that the defendant receives any funds, each month, the defendant is permitted to keep the first $50, as well as 50% of all money above the first $50.
>
> This is a fair way of handling the situation: the defendant has sufficient funds to support his needs while the Department of Corrections assists him in meeting the financial obligations he incurred because of his crime.
>
> For these reasons, defendant's motion is respectfully DENIED.

(See ECF No 1-1, PageID.14 (emphasis omitted).)

Plaintiff attaches a copy of a May 10, 2021, step I grievance response supplemental form in which he complains of too much money being removed from his account to his complaint. (*Id.*,

4

PageID.16.) According to the Investigation Summary, a review of Plaintiff's account revealed that he owed five court ordered obligations and two victim restitutions. (*Id.*) Plaintiff's account also showed that during the month of April, Plaintiff received $80.00 in deposits. (*Id.*) The Decision Summary section of the response states: "Court ordered obligations are collected individually as directed by policy. Prisoner Batie's deposit collected 50% for Victim Restitution and 50% for Court Ordered Charges. All collections are in accordance with policy and no refund or adjustment is due. Collection will continue until satisfied in full." (*Id.*)

Plaintiff also attaches a copy of a June 18, 2021, step I grievance response supplemental form in which he claims that more than 50% of the money he receives in excess of $50.00 is being taken from his account each month. (*Id.*, PageID.18.) The Investigation Summary states: "Prisoner Batie has 3 Victim Restitution orders and 5 Court Ordered Charges orders on his account. Victim Restitution collects 50% after $50 each month. Court Ordered Charges collect 50% after $50 each month for each order." (*Id.*) The Decision Summary section of the form states:

> Policy 04.02.105 paragraph W item #5 addresses Victim Restitution item #6 addresses Court Ordered Charges. Prisoner Batie has both Court ordered charges and victim restitution which results in 50% for each after $50 each month. April deposits reveal he was left with the entire $50 deposit received on 4/5/21. 4/24/21 $20 was received, $10 was split between his three Victim Restitution orders and $10 was applied to the Court Ordered charges. 4/27/21 $10 was received $5 was split between his three Victim Restitution orders and $5 was applied to the Court Ordered charges.

(*Id.*)

Plaintiff asserts that Defendants violated his rights under the Fifth and Fourteenth Amendments, as well as under state law. Plaintiff seeks to be reimbursed for the money taken from his account in excess of the restitution agreement. Plaintiff also seeks ten million dollars in damages.

## II.      Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

6

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Fifth Amendment Due Process

Plaintiff asserts that Defendants violated his rights under the Fifth Amendment. The Court notes that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 122 S. Ct. 694, 699(2002); *see also Owens v. Trulock*, No. 1:18-CV-00167-GNS-HBB, 2020 WL 376658, at *3 (W.D. Ky. Jan. 23, 2020); *Mitchell v. Home*, 377 F.Supp.2d 361, 372–73 (S.D.N.Y. 2005) ("Any due process rights plaintiff enjoys as against state government officials . . . arise solely from the Fourteenth Amendment due process clause.") Defendants in this case are all state actors. Because this case does not involve any federal actors, the Fifth Amendment does not apply. Therefore, the Court will dismiss Plaintiff's Fifth Amendment claims.

### B.      Fourteenth Amendment Due Process

Plaintiff alleges that the manner in which money was taken from his account violated his rights under the Fourteenth Amendment.

To the extent Plaintiff claims that Defendants are not acting pursuant to any MDOC policy when they take money from Plaintiff's account, Plaintiff's Fourteenth Amendment due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the

deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). To the extent Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

The Sixth Circuit has found that Michigan law provides "several adequate post-deprivation remedies" to a prisoner asserting improper removal of money from his prison account. *Copeland*, 57 F.3d at 480. In a number of cases similar to this one, the Sixth Circuit has affirmed dismissal where the inmate failed to allege and show that state law post-deprivation remedies were inadequate. *Id.* at 479–80 (money wrongly removed from prison account); *Lillie v. McGraw*, No. 97-3359, 1997 WL 778050, at *1 (6th Cir. Dec. 12, 1997) (officials allegedly broke television); *Mowatt v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (misapplication of money to a deficit in prison account); *Shabazz v. Lecureux*, No. 85-2014, 1986 WL 16140, at *1 (6th Cir. Dec. 5, 1986) (illegal appropriation of money from prisoner account).

Furthermore, to the extent Plaintiff claims that Defendants acted pursuant to the MDOC's policies when they took money from his prison account, but that Defendants' actions pursuant to these policies violated his due process rights, Plaintiff fails to state a claim. Here, money is collected from Plaintiff's prison account pursuant to court orders in Plaintiff's criminal cases. Plaintiff does not allege that he did not receive adequate process in his criminal cases. Under these circumstances, Plaintiff has failed to allege facts showing a violation of his due process rights

when the MDOC collects money from Plaintiff's prison account pursuant to court orders in Plaintiff's criminal cases and the MDOC's policies.[2]

Accordingly, for all of the reasons set forth above, the Court will dismiss Plaintiff's Fourteenth Amendment due process claim.

### C.      State Law Claims

Plaintiff also alleges that Defendants violated state law and the MDOC's policies. (*See* Compl., ECF No. 1, PageID.6, 7 (referencing alleged violation of the MDOC's policies and "intentional infliction of mental distress" (capitalization omitted)).) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertions that Defendants violated state law and the MDOC's policies fail to state a claim under § 1983.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the balance of the relevant considerations weighs against the

---

[2] Moreover, courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, to the extent Plaintiff alleges that Defendants violated prison policy, he fails to raise a cognizable federal claim.

continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  __October 18, 2023__                    __/s/ Ray Kent__
                                                Ray Kent
                                                United States Magistrate Judge